IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 99–cv–01259–EWN–MJW

UNITED STATES OF AMERICA, *ex rel*
TERESA JIMENEZ and WILLIAM FREEMAN,

      Plaintiffs,

v.

HEALTH NET INC., As Successor in Interest to Foundation Health Systems, Inc.; QualMed, Inc, and Health Systems International, Inc., AND Parent Corporation to the named subsidiary defendants; HEALTH NET of CALIFORNIA, Inc., a wholly owned subsidiary of HEALTH NET, INC.; HEALTH NET FEDERAL SERVICES, INC., a wholly owned subsidiary of HEALTH NET, INC., successor in interest to Foundation Health Federal Services, Inc.; HEALTH NET HEALTH PLAN OF OREGON, INC, a subsidiary of QualMed, Inc., a holding company wholly owned by Health Net, Inc.; FOUNDATION HEALTH SYSTEMS LIFE & HEALTH INSURANCE COMPANY, a subsidiary of FHS Life Holdings Company; QUALMED, INC., a subsidiary and holding company wholly owned by Health Net Inc.; HSI EASTERN HOLDINGS, INC, subsidiary of Health Net, Inc.; GREATER ATLANTIC HEALTH SERVICE INC., a subsidiary of HSI Eastern Holdings, Inc.; QUALMED PLANS FOR HEALTH, INC., a subsidiary of Greater Atlantic Health Service, Inc.; QUALMED PLANS FOR HEALTH OF COLORADO, INC., a subsidiary of QualMed, Inc.; QUALMED PLANS FOR HEALTH OF PENNSYLVANIA, INC. a/k/a KING OF PRUSSIA HEALTH PLAN, a subsidiary of Health Net, Inc.; HSI ADVANTAGE HEALTH HOLDINGS, INC, a subsidiary of Health Net, Inc.; QUALMED PLANS FOR HEALTH OF OHIO AND WEST VIRGINIA, INC., a subsidiary of HSI Advantage Health Holdings, Inc.; QUALMED PLANS FOR HEALTH OF WESTERN PENNSYLVANIA, INC., a subsidiary of HSI Advantage Health Holdings, Inc.,

      Defendants.

**ORDER CONCERNING PENDING MOTIONS**

This matter is before the court on the (1) "Motion for Summary Judgment on Defendants' Counterclaims" filed July 11, 2005 (Doc. 376) and (2) defendants' motion to renew their objection to a magistrate judge's ruling denying them sanctions, to award them fees ordered by the magistrate judge on another motion, and to award them attorney fees pursuant to statute because of the frivolous nature of this litigation (Doc. 378). A review of the proceedings occurring since this court ruled, on September 2, 2003, that defendants were entitled to judgment on all claims brought by plaintiffs discloses that the litigation, which has plainly caused the expenditure of extensive resources, seems to be limping to an unceremonious close. When plaintiffs appealed this court's ruling, their conduct of the appeal was apparently so execrable that the Tenth Circuit published an extraordinary opinion reciting their defalcations, expressing concern "about the frivolity of the appeal," and stating that the appellate court was "contemplating sanctions" against them. *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

After the appellate court dismissed the appeal and remanded the case, this court (on May 27, 2005) permitted plaintiffs' counsel to withdraw on the condition that he notify his clients of (1) defendants' probable filing of a motion for summary judgment on their counterclaims, (2) defendants' intent to pursue sanctions and attorney fees, and (3) the address of defendants' counsel. Although plaintiffs' counsel has complied with the court's order and supplied addresses for each plaintiff, plaintiffs have not responded to the motions before the court or taken any

other action. The motion for summary judgment was served on July 11, 2005, by mail, to Ms. Jimenez, the only plaintiff against whom the counterclaims are asserted. The motion concerning fees and sanctions was served on July 20, 2005, by mail, on both plaintiffs. This court's local rules provide that a response to these motions must be filed within twenty days. *See* D.C.COLO.LCivR 7.1C, 56.1A. Thus, plaintiffs' responses are considerably overdue.

The court has reviewed defendants' carefully-documented motion for summary judgment, the supporting brief, and the material attached thereto. On the basis of these materials, the court finds that, on or about October 12, 2000, defendants (or their predecessor) and Jimenez executed a Waiver and Release concerning claims asserted by Jimenez and claims which she might assert. The Waiver and Release states, *inter alia*,

> 4. [Jimenez] expressly waives any right or claim of right to assert hereafter that any claim, demand, obligation and/or cause of action has, through ignorance, oversight or error, been omitted from the terms of this Release. [Jiminez] makes this waiver with full knowledge of his/her rights and with specific intent to release both his/her known and unknown claims, and therefore specifically waives the provisions of Section 1542 of the Civil Code of California. . . . [Jimenez] understands and acknowledges the significance and consequence of this Release . . . and expressly agrees that this Agreement shall be given full force and effect according to each and all of its express terms and provisions.
>
> 5. To the extent permitted by law, [Jimenez] agrees that [Jimenez] shall not initiate or cause to be initiated against [defendants] any compliance review, suit, action, investigation or proceeding of any kind, or voluntarily participate in same . . . pertaining to any matter related to [] her employment with the Company. *[Jimenez] represents that [] she has not, to date, initiated (or caused to be initiated) any such review, suit, action, investigation or proceeding.*

(Emphasis supplied.) In agreeing to the terms of the Waiver and Release, defendants relied upon Jimenez's express representation that Jimenez "has not, to date, initiated (or caused to be initiated) any reviews, suits, actions, investigations or proceedings" against defendants. Based on the representations contained in the Waiver and Release, defendants paid Jimenez severance in the amount of $125,892.00.

Jimenez never disclosed to defendants that she had filed a False Claims Act action against defendants in July 1999 and that the action was, in fact, pending against defendants while they were negotiating the terms of the settlement agreement and release. When Jimenez and defendants were engaged in settlement negotiations in 2000, Jimenez never disclosed that she had instigated a federal investigation of defendants by the Department of Justice and the Department of Health and Human Services. When defendants and Jimenez were engaged in settlement negotiations in 2000, defendants had not been served with the False Claims Act complaint and did not know that Jimenez has initiated the action.

The court concludes that California law governs the interpretation of the Waiver and Release. To prevail on a breach of contract claim under California law, a party must demonstrate (i) the existence of a contract, (ii) the plaintiff's performance, (iii) the defendant's breach, and (iv) resulting damages. *E.g., Reichert v. General Ins. Co. of America*, 442 P.2d 377, 381 (Cal. 1968); *Hsu v. Oz Optics Limited*, 211 F.R.D. 615, 619 (N.D. Cal. 2002). It is undisputed that the contract exists and that the counterclaim-plaintiffs have performed it. It is also undisputed that

-4-

on October 12, 2000, the date Jimenez signed the Waiver and Release, she had already initiated the FCA action against defendants.  Jimenez's actions constitute a breach of paragraph five of the Waiver and Release.  Finally, as a result of Jimenez's breach of the Waiver and Release, and defendants payment of severance to Jimenez, defendants have suffered damages.  Judgment should be entered in favor of Defendants in the amount of $125,892.00.

Under California law, the elements of a fraudulent inducement claim are: (i)misrepresentation, concealment or non-disclosure, (ii) scienter, (iii) intent to defraud or induce reliance, (iv) justifiable reliance, and (v) damages. *E.g., Lazar v. Superior Court*, 909 P.2d 981 (Cal. 1996); *see also Salstein v. Ha-Lo Industries, Inc.*, 82 F. Supp. 2d 1080 (N.D. Cal. 1999).  It is undisputed that Jimenez represented to defendants that, as of the date the Waiver and Release, she had not initiated or caused to be initiated any actions or investigations against defendants.  It is equally undisputed that this representation was false at the time it was made and that, in fact, Jimenez knew that she had filed a FCA action against Defendants over one-year earlier.  Jimenez did not disclose these facts to defendants at the time she executed the Waiver and Release.  In agreeing to enter into the Waiver and Release and to pay Jimenez severance, defendants justifiably relied upon Jimenez's express, written representation.  As a result Jimenez's fraudulent representations, defendants submitted payment to Jimenez in the amount of $125,892.00.  Accordingly, defendants are entitled to summary judgment against Jimenez on

defendants' fraudulent inducement counterclaim, and judgment should be entered in favor of defendants in the amount of $125,892.00.

Defendants' other motion may be divided into three parts. Two of them are based objections to two rulings by the magistrate judge, one of which denied defendants' motion for sanctions under rule 11 of the Federal Rules of Civil Procedure and the other of which granted their motion for fees and costs incurred as a result of plaintiffs' failure to supplement rule 26 disclosures. When the court granted defendants motion for summary judgment and certified its ruling as immediately appealable, the court denied all requests for fees and costs without prejudice to renewal once the appellate court ruled.

Those parts of the current motion involving orders of the magistrate judge can be resolved by applying the correct standard required in reviewing such orders. The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive. Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the decision is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). *See also* 28 U.S.C.A. § 636(b)(1)(A) (2004) Under the clearly erroneous standard of review, the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985). Rather, the district court must

affirm the decision of the magistrate judge unless the district court, "on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 [1948]).

For dispositive motions, however, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the report . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 1993); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Where specific factual findings are challenged, the district court must consider the actual testimony and not merely review the magistrate judge's report and recommendations. *Gee v. Estes*, 829 F.2d 1005, 1009 (10th Cir. 1987). "[W]hen a party objects to factual findings based upon conflicting evidence or testimony, the district court must indicate that it is conducting a *de novo* determination rather than review under the 'clearly erroneous' standard." *Id.* (citing *Aluminum Co. of Am. v. United States Environmental Protection Agency*, 663 F.2d 499, 502 [4th Cir. 1981]).

The motion before the magistrate judge asked for rule 11 sanctions against plaintiffs and their attorneys who filed the lawsuit. In the court's view, this should be viewed as a non-dispositive motion, since it does not have the effect of resolving a claim in the litigation or

dropping a party in the litigation. *See MacCormack v. City of Prairie Village*, 2001 WL 58838 at *6 (D. Kan. Jan. 17, 2001) (a motion to strike or for sanctions is within the scope of referral to the magistrate judge to hear and determine); *Bergeson v. Dilworth*, 749 F. Supp. 1555, 1561 (D. Kan. 1990) (pretrial motion for rule 11 sanctions concerned signing of pretrial filings made after parties settled was not dispositive of a claim or defense). *See also Scherer v. City of Merriam*, 2001 WL 1155079, at *5 (D. Kan. Sept. 5, 2001) ( magistrate judge had authority to review taxation of costs because taxation of costs was non-dispositive matter). In the court's view, the sanctions sought in the motion are most analogous to monetary sanctions sought and routinely awarded by magistrate judges as discovery sanctions. The court will therefore review the magistrate judge's two orders here to determine whether they are clearly erroneous or contrary to law.

Applying the correct standard here, the court has little difficulty in dealing with the magistrate judge's monetary award to defendants as a result of plaintiffs' failure to supplement disclosures — for two reasons. First, the court overruled the objection (without prejudice), and plaintiffs have not bothered to renew it. Second, the court has reviewed the ruling and the objection and is unable to say that the ruling is clearly erroneous or contrary to law. The magistrate judge's ruling will stand as the ruling of this court, and plaintiffs will pay defendants a monetary discovery sanction of $3,056.00.

Defendants have properly renewed and preserved their objection to the magistrate judge's recommendation on their motion for rule 11 sanctions. For reasons previously stated, the court will treat the "recommendation" as a ruling on a non-dispositive matter, notwithstanding the magistrate judge's characterization. The court has reviewed the magistrate judge's ruling and defendants' objection, which unfortunately assumes the wrong standard of review and thus fails to analyze the problem under the correct standard. Applying the standard which the court believes to be correct, the court concludes that the magistrate judge's ruling is not clearly erroneous or contrary to law. Accordingly, it will stand as the order of the court on defendants motion for rule 11sanctions.

The third part of defendants motion to renew concerns their request, asserted under 31 U.S.C. § 3730(d)(4), that they are entitled to attorney fees on the ground that plaintiffs' claims were "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." For reasons recited in the Order and Memorandum of Decision filed September 2, 2003 (Doc. 338), and in this order granting defendants summary judgment on their counterclaims, the court is satisfied that defendants claims were clearly frivolous, clearly vexatious, and were brought primarily for purposes of harassment. Accordingly, defendants are entitled to an award of attorney fees incurred in defending the litigation. The court will enter a separate final judgment concerning these fees after defendants have submitted the materials described in Fed. R. Civ. P.

54(d) and D.C.COLO.LCivR 54.3. Plaintiffs may submit opposing affidavits and papers within thirty days after defendants' affidavits and papers are served on plaintiff.

In accordance with the findings and conclusions set forth above, it is

**ORDERED** as follows:

1. Defendants' motion for summary judgment (Doc. 376) is GRANTED. The clerk will forthwith enter judgment in favor of defendants and against Teresa Jimenez on the counterclaims in the amount of $125,892.00, plus interest thereon at the rate of ten per cent per annum from October 12, 2000 through the date the judgment is entered. Defendants may have their costs upon filing of a bill of costs within eleven days of the entry of this order.

2. The final judgment entered pursuant to the previous paragraph will further recite that judgment is entered in favor of defendants and against each plaintiff, jointly and severally, in the amount of $3,056.00 as a sanction for failing to supplement disclosures as required by the rules of civil procedure.

3. Defendant's motion to renew (Doc. 378) is GRANTED. The court's rulings on the matters renewed are reflected in this order.

4. Defendants objection (Doc. 250) to the magistrate judge's ruling denying their motion for rule 11 sanctions (Doc. 236) is OVERRULED.

5. Defendants shall be awarded their attorney fees and costs incurred in enforcing the Waiver and Release. They shall also be awarded their fees and costs as provided in 31 U.S.C. §

3730(D)(4). The court will enter a separate final judgment concerning these fees after defendants have submitted the materials described in Fed. R. Civ. P. 54(d) and D.C.COLO.LCivR 54.3. Plaintiffs may submit opposing affidavits and papers within thirty days after defendants' affidavits and papers are served on plaintiff.

Dated this  18th  day of August, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge